# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324 troylaw@troypllc.com Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355


March 15, 2024

***via* ECF**
Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Plaintiffs' Opposition to Defendant's Motion to Stay Deadlines pending Ruling on Defendant's Anticipated Motion to Compel Arbitration:**
*Hu v. Whaleco, Inc*, No. 23-cv-06962 (MKB) (RML), (E.D.N.Y.)

Your Honor,

We represent the Plaintiffs in the above referenced matter. Plaintiffs' respectfully write this letter in opposition to Defendant's Pre-Motion Letter requesting to stay the discovery the discovery pending ruling on their anticipated motion to compel arbitration.

**Defendant Should Not Be Permitted to Move to Compel Arbitration**

Briefly, Defendant should not be permitted to move to compel arbitration on the grounds of futility, because the issue before this Court is precluded by the decisions of other courts. At least one federal district court has determined that Defendant's "browsewrap" agreement, considered together with its website design, fails to put users on notice of their "agreement" to arbitrate and renders its arbitration agreement unenforceable. See *Johnson v. Whaleco, Inc.*, No. 23-cv-00403 (GAP) (PRL), Dkt. No. 29, (M.D. Fla. Oct. 13, 2023). The Second Circuit uses an analytical framework identical to that employed by the Middle District of Florida in Johnson. *See, e.g.*, *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016) ("[B]rowsewrap agreements involve terms and conditions posted via hyperlink, commonly at the bottom of the screen, and do not request an express manifestation of assent. In determining the validity of browsewrap agreements, courts often consider whether a website user has actual or constructive notice of the conditions. Whether there was notice of the existence of additional contract terms presented on a webpage depends heavily on whether the design and content of that webpage rendered the existence of terms reasonably conspicuous. Clarity and conspicuousness of arbitration terms are important in securing informed assent. Thus, when terms are linked in obscure sections of a webpage that users are unlikely to see, courts will refuse to find constructive notice.) (internal quotation marks and citations omitted). Application of the same standard to the same facts must compel an identical result.

**Even Should Defendant Be Permitted to Move to Compel Arbitration, Discovery Should Not Be Stayed**

Because Defendant's arbitration agreement is likely not enforceable for the reasons given above, the Court should decline to stay discovery pending Defendant's motion to compel

arbitration. *See*, *e.g.*, *Siegel v. Milstein*, No. 21-cv-04032 (JS) (SIL), [] (E.D.N.Y. Nov. 1, 2021) (upholding Magistrate Judge's denial of stay pending motion to compel arbitration where Magistrate Judge "determined that it was unlikely Defendants motion to compel arbitration would be granted.") (citing *Kwik Ticket Inc. v. Spiewak*, No. 21-cv-01201, 2020 WL 5658723, 2020 U.S. Dist. LEXIS 174870, at *[] (E.D.N.Y. Sep. 23, 2020) ("The mere existence of a motion to compel arbitration is insufficient to stay discovery, much less the entire litigation."))

Additionally, the importance of preserving discovery, lack of prejudice to Defendants, and conservation of judicial economy all militate against staying discovery. The preservation of discovery is crucial in this case, given the number of Plaintiffs in this matter. Delaying discovery could result in the loss or destruction of crucial evidence, which would significantly prejudice Plaintiffs' ability to present their case. This risk outweighs the potential cost-savings of arbitration.

Defendant has not demonstrated that it would suffer substantial prejudice if discovery proceeds. They have merely asserted potential cost-savings. However, these potential savings do not outweigh the risk of lost or destroyed evidence.

And while a stay of discovery may save judicial resources in some cases, it is not warranted here. The potential cost-savings of arbitration do not justify the risk of lost or destroyed evidence. Moreover, if the motion to compel arbitration is denied, the delay in discovery could prolong the litigation, undermining the goal of judicial economy.

For the following reasons, Plaintiffs' respectfully request to deny Defendant's request to stay the discovery in this matter pending ruling on their anticipated motion to compel arbitration.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ John Troy*
John Troy, Esq.
Aaron B. Schweitzer, Esq.
*Attorneys for Plaintiffs*

Cc: all counsel of record *via* ECF

asb/pk