**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ERIC HU,
EDWIN ANTONIO SURIS,
TIMOTHY SMITH,
ROY NORMAN MORROW,
MING HUI LIN,
NANCY BATALAS,
JAMES LAFATA,
DANIEL DAVID KATTAN,
TRACY EVETTE STARLING,
CHRISTOPH B. OH,
HECTOR ANDREW CORDERO,
YO-YO CHEN,
MANISHA REDDY NARAYAN,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WHALECO, INC., d/b/a Temu,

Defendant.

Case No. 23-cv-06962-MKB-RML

***ZIBOUKH* PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR *AMICUS CURIAE* BRIEF**

*Amici Ziboukh* Plaintiffs[1] file this notice of supplemental authority to provide the Court with a copy of the July 23, 2024, decision in *Smith v. Whaleco Inc.*, holding that Temu's Terms of Use (including the arbitration clause) are not enforceable. 2024 WL 3513800 (W.D. Okla. July 23, 2024). *See* Exhibit A. With the decision in *Smith*, three federal courts have now held that Temu's arbitration clause is not enforceable and, accordingly, have denied Defendants' motions to compel arbitration on that ground.[2]

As in the other cases, the court in *Smith* concluded that Defendants failed to "provide any notice, and certainly not conspicuous notice that Plaintiff was consenting to a contract with Defendant by using this avenue to proceed." *Id.* at *5. Among other things, the Court observed that "a spatial separation, the eye-catching logos of other options in that space (Google, Facebook, Apple, and Twitter), and the smaller light grey font on a white screen with no indication of a hyperlink – lead the Court to the same conclusion that the 'by continuing' statement did not provide conspicuous notice to a consumer that they were agreeing to a contract that included the Terms of Use." *Id.* Accordingly, the court held that "no contract between the parties including an arbitration agreement was formed" and denied Defendants' motion to compel arbitration on this ground.[3] *Id.*

For the same reasons articulated in *Smith* and these other cases, *Amici Ziboukh* Plaintiffs request that this Court affirm that Temu's Terms of Use, including its arbitration clause, are unenforceable, and deny Defendants' motion to compel arbitration.

---

[1] The *Ziboukh* Plaintiffs are plaintiffs in the related action, *Ziboukh et al v. Whaleco Inc. et al,* No. 24-cv-3733-MKB-RML (E.D.N.Y.), whom the court granted leave to participate as *amicus curiae* on May 29, 2024.

[2] *See* ECF 45 at 7, *citing Eakins v. Whaleco Inc.*, 2024 WL 1190766 (W.D. Okla., Mar. 5, 2024, Judge Jones); and *Johnson v. Whaleco Inc.*, 2023 U.S. Dist. LEXIS 184104 (M.D. Fla., Oct. 13, 2023).

[3] The court came to this conclusion even though plaintiff used her Google account to continue past the screen containing the Terms of Use, noting "the factual differences between this case and *Eakins* do not affect the outcome." *Id.*

Dated: July 26, 2024

Respectfully submitted by,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Jeannie Evans*

Jeannie Evans (Bar No. 6296339)
Hagens Berman Sobol Shapiro LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4952
jeannie@hbsslaw.com

Steve W. Berman (Bar No. 3126833)
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Nathaniel A. Tarnor, #4742797
68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
nathant@hbsslaw.com

**ALPHEUS LLC**

Douglas G. Smith
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@alpheusllc.com

*Attorneys for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Jeannie Y. Evans* ____________