# LATHAM&WATKINS LLP

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

April 25, 2025

**VIA ECF**

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Hu et al. v. Whaleco et al.*, No. 23-cv-06962-MKB-RML

Dear Judge Brodie:

We represent Respondent Whaleco Inc. d/b/a Temu ("Temu") in the above-referenced matter (the "*Hu* action"). We also represent Temu and its parent company PDD Holdings, Inc. in, *Ziboukh et al. v. Whaleco Inc. et al.*, No. 24-cv-03733-MKB-RML (the "*Ziboukh* action") before Your Honor, and Temu in *McMahan et al. v. Whaleco, Inc d/b/a/ Temu*, No. 25-cv-01590-RER-VMS (the "*McMahan* action") before Judge Reyes. We write on behalf of Temu to respectfully request that the *McMahan* action be deemed related to the *Hu* and *Ziboukh* actions pursuant to Rule 3 of the Rules for the Division of Business for the Eastern District of New York. Petitioners in the *McMahan* action marked this case as related to the *Hu* action on their Civil Cover Sheet, and Temu believes they should be related as well. *McMahan* action, ECF No. 1, Attachment 1.

Pursuant to Rule 3, cases are "related" if there are similar facts and legal issues or the cases arise from the same transaction or events, and it would therefore result in a more efficient use of judicial resources if they were assigned to the same District Judge. Those criteria are present here.

For one, the underlying dispute raised by Petitioners in the *McMahan* action is based on the same alleged privacy violations and theories advanced by the Plaintiffs in the *Hu* and *Ziboukh* cases. *See McMahan* action, ECF No. 1, Petition to Compel Arbitration (the "Petition") at 1 (annexed hereto as Attachment A). Further, each of these cases concerns the arbitration agreement in Temu's Terms of Use ("Terms"), and requires the Court to evaluate the scope and enforceability of the delegation clause and the informal dispute resolution conference provision contained in the arbitration agreement. *See* Petition at 3, 11; *Hu* action, ECF No. 45 at 22; *Ziboukh* action, ECF

LATHAM & WATKINS LLP

No. 78 at 6.[1]  Your Honor has already evaluated and ruled on such issues in the *Hu* action and briefing in the *Ziboukh* action addressing these issues is currently pending before the Court as well. Marking the Petition as related to those cases, and permitting Your Honor to evaluate the merits of the dispute here, will result in a considerable saving of judicial resources, and will avoid inconsistent rulings interpreting Temu's arbitration agreement.

Under Division of Business Rule 3(b), the parties have conferred and agreed that the instant case is related to *Hu* and *Ziboukh* and marking them as related under Rule 3(a) would make for a more efficient use of Court and party resources.  Accordingly, Temu respectfully asks this court to mark the instant case related to *Hu* and *Ziboukh*.

Sincerely,

*[signature]*

_____
Serrin Turner
of LATHAM & WATKINS LLP

---

[1] In proceedings before the American Arbitration Association, Petitioners here pointed to briefing in the *Hu* action to advance their position and do so again here.  *See* Petition at 11; *McMahan* action, ECF No. 1, Ex. 11 at 5-6.